IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terrence Wright El, ) | C/A No.: 1:14-1956-JMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Charleston County General Sessions ) | |
| Court and South Carolina United States ) | |
| District Court, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Terrence Wright El, proceeding pro se and in forma pauperis, is an inmate incarcerated at Nash Correctional Institution in the custody of the North Carolina Department of Corrections ("NCDC"). Plaintiff brings this action against Charleston County General Sessions Court ("CCGSC") and United States District Court for the District of South Carolina ("DCSC") (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

On May 16, 2014, Plaintiff filed a document entitled "Affidavit Writ Extraordinary." [Entry #1 at 1]. On May 23, 2014, the court issued an order directing

Plaintiff to answer special interrogatories clarifying the relief he was seeking. [Entry #5-1]. In response, Plaintiff stated that he is seeking monetary and injunctive relief from state employees. [Entry #7]. Plaintiff also seeks monetary relief from federal district court judge Margaret Seymour. *Id.* The court liberally construes Plaintiff's complaint as seeking relief under 42 U.S.C. § 1983.

Plaintiff contends that police arrested him on August 13, 1993, in Charleston County, South Carolina. [Entry #1 at 5]. He alleges he was held in a Charleston County jail for two years until North Carolina extradited him in August 1995. *Id.* Plaintiff contends that after three successive trials in April 1996 and February 1997, a jury convicted him and he began serving his sentence in the NCDC. *Id.* at 6. Plaintiff alleges that Charleston County placed a detainer on him in 1999 and he was sent back to South Carolina. *Id.* Plaintiff alleges that he was convicted on South Carolina charges in March 2000 and then returned to the NCDC. *Id.* Plaintiff argues that he is a Moorish American National citizen, such that South Carolina state courts did not have jurisdiction to charge and convict him, and therefore his convictions are void. *Id.* Plaintiff also contends that SCDC improperly dismissed his habeas petition with prejudice in violation of international treaties. *Id.* Plaintiff seeks to have Judge Seymour "correct her error in judgment of [these] controversies of proper person status, jurisdiction, and improper venue." *Id.* Plaintiff also requests that the South Carolina state court nullify and void his state sentences, judgments, and orders. *Id.* at 25.

II.     Discussion

    A.     Standard of Review

Petitioner filed his petition pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the pleading lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se petitions are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se petition, the petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim

currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    Eleventh Amendment

Plaintiff sues the CCGSC, which is a part of this state's unified judicial system. *See* S.C. Const. art. V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."). The Eleventh Amendment divests this court of jurisdiction to entertain a suit brought against the state of South Carolina or its integral parts, such as a state agency or department. *See Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743 (2002); *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other states against a state, Eleventh Amendment bars suits against a state filed by its own citizens). While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979). In addition, a state may consent to a suit in a federal district court. *See Pennhurst*, 465 U.S. at 99 n.9. However, the state of South Carolina has not consented to such actions. *See* S.C. Code Ann. § 15-78-20(e). As Plaintiff's claim against CCGSC is barred by Eleventh Amendment immunity, CCGSC is entitled to summary dismissal.

### 2.     Sovereign Immunity

Plaintiff sues the DCSC. The DCSC is part of the federal judicial system. U.S. Const. Art. III, Section 1. ("The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish."). As such, DCSC is protected from suit by sovereign immunity. Under the principle of sovereign immunity, individuals may not sue the United States or its agencies without their consent. *See FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994) (declining to permit suit against a federal agency for alleged constitutional violations); *Global Mail Ltd. v. United States Postal Service*, 142 F.3d 208, 210 (4th Cir. 1998) (finding that a federal governmental entity is entitled to sovereign immunity unless Congress waives that immunity and consents to suit). "[T]he United States has not waived sovereign immunity in suits claiming constitutional torts." *Reinbold v. Evers*, 187 F.3d 348, 355 n.7 (4th Cir. 1999). Accordingly, Plaintiff's claims against the DCSC are subject to summary dismissal.

### 3.     Mandamus Relief

Although the court has construed Plaintiff's claims as being brought under § 1983, in the interest of liberal construction, the court addresses Plaintiff's claims to the extent he seeks mandamus relief. Under 28 U.S.C. § 1361, district courts are granted "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Thus, on its face, § 1361 extends federal mandamus jurisdiction only to federal officers or employees. *See United States v. Oncology Assocs.*, 198 F.3d 502, 510 (4th Cir. 1999).

Should Plaintiff look to 28 U.S.C. § 1651, the "all writs statute," as a source of mandamus authority, relief would still be unavailable. A writ of mandamus is limited to cases where federal courts are acting in aid of their respective jurisdictions. *See* 28 U.S.C. § 1651; *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587–88 nn.2–4 (4th Cir. 1969). To the extent Plaintiff is seeking mandamus relief against the state of South Carolina and employees or entities thereof, this court lacks jurisdiction under § 1361 and § 1651 to grant such relief.[1]

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*/s/ Shiva V. Hodges*

August 12, 2014                                   Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[1] Plaintiff's answers to the court's special interrogatories indicate that he is seeking damages from state and federal employees who are not parties to this action. Because these persons are not named as defendants, these claims are not properly before the court.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).