# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Terrence Wright El, ) | |
| ) | Civil Action No. 1:14-cv-01956-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Charleston County General Sessions Court, ) | |
| South Carolina United States District Court, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Terrence Wright El ("Plaintiff") filed this *pro se* action alleging the Charleston County, South Carolina, General Sessions Court did not have proper jurisdiction to charge and convict him. (ECF No. 1.) This matter is before the court on Plaintiff's Motion for a Ruling (ECF No. 15).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial handling. On August 12, 2014, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court summarily dismiss the action without prejudice and without issuance and service of process. (ECF No. 12.) This review considers Plaintiff's Affidavit of Fact, Writ of Objections and Corrections ("Objections"), filed August 27, 2014. (ECF No. 14.) For the reasons set forth herein, the court **ACCEPTS** the conclusions of the Magistrate Judge's Report, but for different reasons. The court thereby **DENIES** Plaintiff's Motion (ECF No. 15) and dismisses this action with prejudice.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and

procedural summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own.  (*See* ECF No. 12.)  The court will only recite herein facts pertinent to the analysis of Plaintiff's Objections.

Plaintiff is currently incarcerated at Nash Correctional Institution within the North Carolina Department of Corrections.  (ECF No. 1-1 at 1; *see also* North Carolina Department of Public Safety Offender Public Information Search, Inmate No. 0505358, http://webapps6.doc.state.nc.us/opi/offendersearch.do?method=view (last visited June 26, 2015).)  On May 16, 2014, Plaintiff filed this action, which he styled "Affidavit Writ Extraordinary," arguing that he is a Moorish American National over whom the courts of the United States—federal and state—do not have jurisdiction and thus that his convictions in the Charleston County General Sessions Court are void.  (ECF No. 1.)  On May 23, 2014, the Magistrate Judge ordered Plaintiff to answer a set of special interrogatories to clarify what relief Plaintiff is seeking and from whom.  (ECF No. 5-1.)  Plaintiff replied, specifying he is seeking punitive damages and injunctive relief from the Charleston County General Sessions Court Clerk of Court, the South Carolina Department of Corrections Director, the South Carolina Attorney General, the Governor of South Carolina, and punitive damages from United States District Judge Margaret Seymour.  (ECF No. 7.)

With this information, the Magistrate Judge issued the Report on August 12, 2014, construing Plaintiff's filing as a Complaint seeking relief under 42 U.S.C. § 1983 against the Charleston County General Sessions Court and the United States District Court for the District of South Carolina.  (ECF No. 12 at 2.)  The Magistrate Judge noted that although Plaintiff had named several state and federal employees as those from whom he was seeking damages in his answers to the special interrogatories, "[b]ecause these parties are not named as defendants, these claims are not properly before the court." (*Id.* at 6 n.1.)  The Magistrate Judge found that

Eleventh Amendment immunity barred suit against the Charleston Court, as an agency or department of the State of South Carolina. (*Id.* at 4.) Further, as the District Court is a part of the federal judicial system, it is immune from suit by sovereign immunity. (*Id.* at 5.) Finally, insofar as Plaintiff may be seeking mandamus relief under 28 U.S.C. § 1361 or 28 U.S.C. § 1651 to compel action from a federal officer, the Magistrate Judge noted that a writ of mandamus "is limited to cases where federal courts are acting in aid of their respective jurisdictions." (*Id.* at 6 (citations omitted).) As such, "[t]o the extent Plaintiff is seeking mandamus relief against the state of South Carolina and employees or entities thereof, this court lacks jurisdiction under § 1361 or § 1651 to grant such relief." (*Id.* at 6.)

Plaintiff timely filed his Objections on August 27, 2014. (ECF No. 14.) On February 23, 2015, Plaintiff filed a Motion for a Ruling, which took the form of a letter to the Magistrate Judge requesting a disposition on the case "because the unreasonable delay to answer or make a fact finding to my Affidavit of Fact is currently hindering me from proceeding to more Appropriate Consular Court." (ECF No. 15.)

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

3

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

Plaintiff offers several objections to the Report, largely pertaining to the Magistrate Judge's characterization of his claims. Plaintiff insists he is not suing "the State of South Carolina or its Courts. My affidavit is directed at its agents for their negligence and blatant disregard of the law that tries to hide behind Color of Authority." (ECF No. 14 at 4.) Further, Plaintiff states, "I <u>DID NOT</u> seek to be heard in any court of your jurisdiction other than Consular Court under 'The Code of The Laws of The United States of America of a General and Permanent Character' in force." (*Id.* at 7, citing 22 U.S.C. § 141 (emphasis in original).) Plaintiff went on to state, "I withdraw any claim of monetary damages without prejudice before

4

this court," and again reiterated that he does not seek to sue the State of South Carolina, "its sub agency county courts or its other entities." (*Id.* at 8.) Finally, Plaintiff reiterates that his filing is an "<u>Affidavit</u> of fact in which is <u>NOT</u> a Motion, Petition, or a request awaiting a discretionary review and answer… I hereby authorize this court to appropriate set up the required Consular Court." (*Id.* at 9 (emphasis in original).)

To the best of the court's ability to sort out Plaintiff's requests through his various filings, it appears his sole request is to set up a proceeding in a "consular court" to challenge the state court's jurisdiction over him in his criminal convictions. Plaintiff seeks this relief pursuant to 22 U.S.C. § 141. This statute was repealed on August 1, 1956, effectively ending the consular court system for the United States. As such, no such mechanism exists anymore for Plaintiff's requested relief, and this court has no means by which to grant his request. Therefore, this action is dismissed with prejudice.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the conclusions of the Report of the Magistrate Judge (ECF No. 12). It is therefore ordered that Plaintiff's Motion for a Ruling (ECF No. 15) is **DENIED** and this action (ECF No. 1) is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 26, 2015
Columbia, South Carolina